John J. Rice (Bar No. 140865)
ricej@higgslaw.com
Kyle W. Nageotte (Bar No. 285599)
nageottek@higgslaw.com
**HIGGS FLETCHER & MACK LLP**
401 West A Street, Suite 2600
San Diego, CA 92101-7910
T: (619) 236-1551
F: (619) 696-1410

Randi Perry Spallina (Bar No. 165839)
**BRESSLER AMERY & ROSS, P.C.**
515 East Las Olas Boulevard Suite 800
Fort Lauderdale, FL 33301
T: (954) 499 7979
F: (954) 499 7969
Email: rspallina@bressler.com

Attorneys for Plaintiff
KAREN MARTINEZ

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN J. MARTINEZ, an individual, and in her capacity as Stockholder Representative for BRAVO! BUILDING SERVICES, INC., BRAVO! FACILITY SERVICES, INC., and BRAVO INNOVATIVE SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KELLERMEYER BERGENSONS SERVICES, LLC, a company, <br><br> Defendant. | Case No. '23CV2077 LAB DDL <br><br> **PLAINTIFF'S COMPLAINT FOR SPECIFIC PERFORMANCE** |

Plaintiff KAREN J. MARTINEZ, an individual, and in her capacity as Stockholder Representative for Bravo! Building Services, Inc. Bravo! Facility Services, Inc., Bravo! Innovative Solutions, Inc., by her undersigned attorney, hereby files her Complaint against Defendant Kellermeyer Bergensons Services, LLC and states as follows:

## PARTIES

1.      Plaintiff KAREN J. MARTINEZ ("Ms. Martinez" or "Plaintiff") is a citizen and resident of New Jersey. She is the Stockholder Representative for Bravo! Building Services, Inc., Bravo! Facility Services, Inc., and Bravo! Innovative Solutions, Inc.

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

11965184.1

1

PLAINTIFF'S COMPLAINT

2.     Bravo! Building Services, Inc. was a New Jersey corporation, Bravo! Facility Services, Inc., was a Virginia corporation ("BFS"), and Bravo Innovative Solutions, Inc., was a New Jersey corporation, all with a principal place of business at 1140 Route 22 East, Suite 202, Bridgewater, New Jersey 08807 (together, the three entities are referred to as "Bravo!").

3.     Defendant Kellermeyer Bergensons Services, LLC ("KBS") is a California Limited Liability Company organized under the laws of the State of California with a registered address in Oceanside, California.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

5.     Plaintiff is an individual residing in the State of New Jersey and a New Jersey corporation.

6.     Defendant is a California limited liability company. Plaintiff is not aware of Defendant KBS' complete ownership, but upon information and belief, no member of is an individual or entity residing in the State of New Jersey.

7.     The Court has personal jurisdiction over Defendant KBS because KBS is a California limited liability company with its principal place of business in California, and because the parties consented to jurisdiction in California under Section 9.14 of the parties' Stock Purchase Agreement.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides in San Diego County, California, which is part of the Southern District of California, pursuant to 28 U.S.C. § 84.

## FACTUAL BACKGROUND

9.     On October 31, 2021, KBS purchased 100% of the issued and outstanding capital stock of Bravo!.

///

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

11965184.1

2

PLAINTIFF'S COMPLAINT

10.     The terms and conditions of KBS's purchase of the Bravo! stock were memorialized in a Stock Purchase Agreement ("Purchase Agreement") that was executed on October 31, 2021 by KBS and all of the stockholders of Bravo!, including Ms. Martinez.

11.     Ms. Martinez is the Stockholder Representative under the Purchase Agreement., and in that capacity, has authority to "agree to, negotiate, enter into settlements or compromises of matters arising under this Agreement, and to take any and all actions necessary or appropriate in the judgment of the Stockholder Representative to be taken on behalf of the Stockholders."

12.     Section 2.7(B) of the Purchase Agreement provides that within ninety (90) days after the end of the Earn-Out Calculation Period, KBS was to prepare and deliver a Purchaser Earn-Out Statement to Ms. Martinez.

13.     The Earn-Out Calculation Period ended October 31, 2022.

14.     Pursuant to Section 2.7(B) of the Purchase Agreement, KBS was required to deliver the Purchaser Earn-Out Statement to Ms. Martinez no later than January 31, 2023, 90 days after the October 31, 2022 Earn-Out Calculation Period end date.

15.     KBS failed to deliver the Purchaser Earn-Out Statement by January 31, 2023.

16.     Plaintiff agreed to extend KBS's deadline to deliver the Earn-Out Statement several times, but on each occasion, KBS has missed the agreed-upon extended deadline, and nearly eight months later, has still not delivered the Earn-Out Statement to Ms. Martinez.

17.     Section 9.18 of the Purchase Agreement states that time is of the essence for all dates and time periods.

18.     Ms. Martinez, through counsel, has made repeated attempts and requests to obtain the Purchaser Earn-Out Statement from KBS, to no avail.

///

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

11965184.1

PLAINTIFF'S COMPLAINT

19.     On June 12, 2023, 133 days after the Earn-Out Calculation Period ended, KBS informed Bravo! and Ms. Martinez that KBS's committee was completing review of the Purchaser Earn-Out Statement and submitting same for board approval.

20.     Since that time, Ms. Martinez, through her counsel, followed up with KBS several dozen times inquiring as to the whereabouts of the Purchaser Earn-Out Statement.

21.     KBS's counsel has advised Ms. Martinez, through her counsel, that KBS's audit team has completed its review and completed its preparations of the Purchase Earn Out Statement.

22.     However, on or about October 3, 2023, KBS's counsel advised Ms. Martinez, through her counsel, that KBS would not turn over or discuss the Purchase Earn Out Statement until Ms. Martinez executed documents in connection with separate and unrelated agreements regarding KBS and another company in which Ms. Martinez holds an ownership interest.

23.     To date, KBS still has not delivered the Purchaser Earn-Out Statement.

24.     Ms. Martinez requires the Purchaser Earn-Out Statement as the first step to receiving the Earn-Out Payment that is due and owing to the stockholders of Bravo! under the Purchase Agreement, with a maximum Earn-Out Payment of $27,500,000 plus interest, which has been earned in full.

25.     Plaintiff seeks equitable injunctive relief, in the form of a judgment granting specific performance of the Agreement and compelling Defendant to produce the Purchaser Earn-Out Statement immediately.

26.     The monetary value of the requested affirmative injunctive relief exceeds $75,000, and the Earn Out payment due to the stockholders of Bravo! Is anticipated to be $27,500,000 and will certainly exceed $14,000,000.

## **COUNT I – SPECIFIC PERFORMANCE**

27.     Plaintiff repeats and realleges the previous allegations of this Complaint as if set forth at length herein.

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

11965184.1

4

PLAINTIFF'S COMPLAINT

28.     KBS has breached the Purchase Agreement by failing to timely deliver the Purchaser Earn-Out Statement.

29.     The failure of KBS to deliver the Purchaser Earn-Out Statement violates the time of the essence clause, is a material breach of the Purchase Agreement, and constitutes irreparable harm to Bravo!.

30.     Plaintiff seeks a judgment granting specific performance and compelling KBS to deliver the required Purchaser Earn-Out Statement immediately.

31.     Money damages is an inadequate remedy because the Purchaser Earn-Out Statement is a report. Once the report is submitted to Plaintiff, the Purchase Agreement established a series of procedures related to determining and paying the earn out amount to Plaintiff.

32.     The underlying contract is valid, reasonable, and supported by adequate consideration because the Purchase Agreement was freely entered into as a result of the sale between KBS and Bravo!.

33.     The terms of the Purchase Agreement specify and set forth KBS's obligation to furnish a Purchaser Earn-Out Statement within 90 days of the end of the Earn-Out Calculation Period.

34.     The Purchase Agreement specifies that either party may pursue equitable relief, in the form of an injunction or specific performance, to prevent damage arising from the other party's failure to perform.

35.     Plaintiff has performed its obligations under the Purchase Agreement and is ready, willing, and able to perform any remaining obligations once the Purchaser Earn-Out Statement is delivered.

36.     Specific performance would not harm KBS because the Purchaser Earn-Out Statement is an obligation explicitly negotiated, agreed to, and set forth in the Purchase Agreement, it was due to Plaintiff by January 31, 2023, and upon information and belief, KBS sent it for board approval months ago (and five months after the deadline).

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

11965184.1                                    5
PLAINTIFF'S COMPLAINT

37. The balance of equities favors Plaintiff.

38. Specific performance is the only remedy that this Court can provide Plaintiff to obtain the long-overdue Purchaser Earn-Out Statement and trigger the next procedures and payments under the Purchase Agreement.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff KAREN J. MARTINEZ, an individual, and in her capacity as Stockholder Representative for Bravo! Building Services, Inc., requests:

A. That this Court determine that KBS has breached their obligation under the Purchase Agreement to provide Plaintiff with the required Purchaser Earn-Out Statement within the specified timeframe.

B. That this Court determine that KBS's breach is material and constitutes irreparable harm to the stockholders.

C. That this Court grant Plaintiff the equitable remedy of specific performance for KBS to immediately deliver the required Purchaser Earn-Out Statement, by a date set by the Court.

D. That this Court grant Plaintiff such other and further relief that this Court deems just and equitable, including their reasonable attorneys' fees and expenses.

Respectfully submitted,

Dated: November 9. 2023          **BRESSLER AMERY & ROSS. P.C.**

By: /s/ *Randi Perry Spallina*
RANDI PERRY SPALLINA
Attorneys for Plaintiff
KAREN MARTINEZ

Dated: November 9. 2023          **HIGGS FLETCHER & MACK LLP**

By: /s/ *John J. Rice*
JOHN J. RICE
KYLE W. NAGEOTTE
Attorneys for Plaintiff
KAREN MARTINEZ

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

11965184.1

6

PLAINTIFF'S COMPLAINT

1

## <u>CERTIFICATE OF SERVICE</u>

2       I hereby certify that the Defendants will be served with a copy of the Complaint

3  and Summons in accordance with the Federal Rules of Civil Procedure as follows:

4

5

Procopio
12544 High Bluff Drive, Suite 400
San Diego, CA 92130

6

7

*/s/ John J. Rice.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO